UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


LONE STAR INDUSTRIES, INC.                CIVIL ACTION

VERSUS                                     NO: 12-2464

COMPLETE CONCRETE, LLC ET AL              SECTION: "H"(1)


ORDER AND REASONS

Before the Court is Defendant's Motion Partial Summary Judgment. (R. Doc. 26.)  For the following reasons, the motion is GRANTED.  The Court finds no genuine dispute of material fact that Defendants, Complete Concrete, LLC and Jeffrey Bridgeford, breached the "Release Agreement."

BACKGROUND

Plaintiff, Lone Star Industries, Inc., filed this action seeking to collect on debts allegedly

1

owed by Defendants, Complete Concrete, LLC and Jeffrey Bridgeford.[1]  At the time the complaint was filed, Plaintiff issued a writ of attachment seizing a "portable concrete plant" in which it purported to have a security interest.  Shortly after the plant was seized, Plaintiff and Defendants began negotiations to secure the release of the plant.  Plaintiff eventually agreed to release the plant after Defendants executed an agreement (the "Release Agreement") in which Defendants stipulated to the amount and validity of the underlying debt, and agreed to transport the plant to auction in Texas.  Defendants further promised to ensure that proceeds of the sale (up to $115,000) would be transferred directly to Plaintiff.  Upon execution of the agreement, Plaintiff released the plant to Defendants. Defendants allegedly transported the plant to the Texas auction as promised, where it was sold for an amount in excess of $115,000.  Plaintiff alleges that all of proceeds of the sale were kept by Defendants in violation of the Release Agreement.  Plaintiff now moves this Court to declare that Defendants breached the Release Agreement.  Defendants have represented to the Court that they have no opposition to this motion.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

---

[1]Christopher Bridgeford has also been named as Defendants in this matter, but proccedings against him have been stayed pursuant to his bankruptcy filing.

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of

evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Although Defendant has chosen not to file an opposition, the Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion. *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985). Indeed, on a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin.*

4

*Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).  In this District, however, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.  *See* L.R. 56.2.  Nonetheless, the moving party must still make a *prima facie* showing of its entitlement to judgment.  *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999). Based on Plaintiffs' statement of uncontested material facts and this Court's independent review of the record, there are no genuine disputes of material fact with respect to Plaintiffs' entitlement to judgment under the Release Agreement.

Plaintiff attached a copy of the Release Agreement to their Motion for Partial Summary Judgment.  It is well settled that a contract is the law between the parties. *Gen. Elec. Capital Corp. v. Se. Health Care, Inc.*, 950 F.2d 944, 951 (5th Cir. 1991); La. Civ. Code Art. 1983.  The Release Agreement, signed by Plaintiff and Defendants, Complete Concrete, LLC, and Jeffrey Bridgeford states, in pertinent part:

> Complete Concrete, LLC is justly and truly indebted unto Buzzi[2] for the full sum of $109,917.24, plus accrued contractual interest, collection costs, and attorneys' fees, for goods and products sold on credit to Complete Concrete, LLC; and Whereas, Jeffrey Bridgeford is the guarantor of the full indebtedness of Complete Concrete, LLC, in favor of BUZZI.

In the Release Agreement, Complete and Jeffrey Bridgeford promise to ensure that up to $115,000 of the proceeds of the plant auction are tendered to Plaintiff prior to November 30, 2012.

---

[2]The contract specifically provides that Lone Star is doing business as Buzzi.

The agreement further stipulates that, upon the parties' failure to tender payment by November 30, 2012, "the full indebtedness of Complete Concrete, LLC, plus accrued and accruing contractual interest and all past and future costs and attorneys' fees shall be due and owing by Complete Concrete, LLC and by its guarantor, Jeffrey Bridgeford to Buzzi."

Plaintiff attached the affidavit of Mr. David Howell to its motion. Mr. Howell is the director of Credit Management and Customer Service for Plaintiff and signed the contract on its behalf. In his affidavit, he recites the facts surrounding the negotiation and execution of the contract, and specifically attests that, as of July 15, 2013, Plaintiff had not received any payment from Defendants. Thus, under the plain and unambiguous terms of the agreement, Complete Concrete, LLC and Jeffrey Bridgeford have breached the contract. As discussed *supra*, Defendants do not oppose this argument, nor could they reasonably do so. There is simply nothing in the record that would preclude the Court from entering summary judgment at this time.

**CONCLUSION**

For the reasons previously stated, Plaintiff's Motion for Partial Summary Judgment is GRANTED.  The Court finds no genuine dispute of material fact that Defendants, Complete Concrete, LLC and Jeffrey Bridgeford, breached the Release Agreement and are indebted to Plaintiff in the amount of $109,917.24, plus accrued contractual interest, collection costs, and attorneys' fees.

New Orleans, Louisiana, this 5th day of September, 2013.

*[signature]*

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE